NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| SKOLNICK, ET AL., | ) | Civil Action No.: 11-4493 (JLL) |
| Petitioner, | ) | **OPINION** |
| v. | ) |   |
| TARRAGON CORPORATION, ET AL., | ) |   |
| Respondent. | ) |   |

**LINARES**, District Judge.

Currently before this Court is Plaintiffs' Cheryl Abramson, Todd Abramson, Judith Anderson, Myron Weiner, Kim Blackmore, Monica Datta, Kim DeRosa, Brian Duis, Todd Miller, Brian Finney, Rick Gyan, Sara Ferry, Patrick Healey, Lincoln Hochberg, Robert Holzberg, Michael Katsaros, James Lake, Erika Lake, Bradford C. Lerman, Shahid Malik, David Missig, Lori Missig, Janine O'Brien, Stephanie Petillo, Ryan Pryor, Kyla Pryor, Harla Seckular, Darren Sikorski, Jordan Silberberg, Justin Silberberg, Manisha Varsani, Steve Warjanka, Lara Warjanka, James Weinberg, Susan Skolnick, and Martin Skolnick (hereinafter collectively referred to as "Plaintiffs") motion for leave to appeal the Bankruptcy Court's September 27, 2010 Opinion and Order[1] which granted Defendants' William S. Friedman, Robert Rohdie, and Beth Fisher (hereinafter referred to as "Defendants") motion to dismiss pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.[2] Plaintiffs bring this current motion

---
[1] See 09-2012 (DHS), Docket Entry # 44 & 45 (hereinafter referred to as "Sept. 27, 2010 Opinion").
[2] Fed. R. Civ. P. 9(b) and 12(b)(6) are applicable to bankruptcy proceedings via Fed. R. Bankr. P. 7009 and 7012, respectively.

1

pursuant to 28 U.S.C. § 158(a) and Rules 8001 & 8003 of the Federal Rules of Bankruptcy Procedure. Because this court lacks jurisdiction, Plaintiffs' motion is dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court writes solely for the parties and thus only the relevant facts are listed here. Plaintiffs are original purchasers of new construction units at a condominium building (hereinafter referred to as the "Upper Grand") located in Hoboken, New Jersey. Pls.' Br. in Supp. of Mot. for Leave to Appeal (hereinafter referred to as "Pls.' Br."), at 3. Defendants were corporate executives with Tarragon who allegedly oversaw and were responsible for creating and distributing advertising materials in connection with the marketing and sale of units at the Upper Grand. Id. These marketing materials allegedly promised Plaintiffs that real estate tax liabilities at the Upper Grand would be "half the cost of customary real estate taxes" during the course of a twenty-year tax abatement secured by the Upper Grand. Id. The purchase agreements Plaintiffs signed, however, included explicit integration clauses, which stated in relevant part that, "This Agreement contains the entire agreement between the Seller and the Buyer. Neither party has made any other agreement or promise which is not contained in this Agreement." See Sept. 27, 2010 Opinion, at 4. Plaintiffs claim they did not receive the benefit of the tax savings and filed suit primarily alleging that Defendants "falsely advertised the existence of significant tax savings" in violation of the New Jersey Consumer Fraud Act.[3] Id. at 3.

On January 21, 2010, Defendants moved to dismiss the complaint and the motion was granted by the Bankruptcy Court on September 27, 2010. The Bankruptcy Court determined that 1) Plaintiffs' claims were barred by the parol evidence rule; 2) Plaintiffs failed to allege any fact

---

[3] Plaintiffs had five causes of action against Defendants in total. The first two arose out of the New Jersey Consumer Fraud Act, one claim was for common law fraud, one for negligent construction and one for breach of contract. Sept. 27, 2010 Opinion, at 3-4.

indicating that Defendants participated in the complained-of activity; and 3) Plaintiffs failed to meet the pleading requirements set forth in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007) and Federal Rule of Civil Procedure 9(b). Br. In Opp'n To Mot. For Leave to Appeal the Sept. 27, 2007 Op. and Order Dismissing the Skolnick and Abramson Compls. (hereinafter referred to as "Defs.' Br."), at 5-6.  Litigation is still ongoing between Plaintiffs and numerous other defendants,[4] and according to Defendants, the remaining parties are currently engaged in discovery and have agreed to submit their claims to mediation. Defs.' Br., at 6-7.

## **LEGAL STANDARD**

Chapter 6 of Title 28 of the United States Code applies to Bankruptcy Courts. 28 U.S.C. §§ 151-59.  Within Chapter 6, 28 U.S.C. 158(a) states that the district courts of the United States shall have jurisdiction to hear appeals:

> (1) from final judgments, orders, and decrees;
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
> (3) with leave of the court, from other interlocutory orders and decrees;
> and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. 158(a).  The Third Circuit treats finality under 158(a)(1) "pragmatically in bankruptcy cases because these proceedings often are protracted and involve numerous parties with different claims." In re White Beauty View, Inc., 841 F.2d 524, 526 (3d Cir. 1988). However, "the general antipathy toward piecemeal appeals still prevails in individual adversary

---

[4] Plaintiffs claim there are ten remaining defendants, Pls.' Br., at 16, but Defendants contend that there are actually twelve remaining defendants. Defs.' Br., at 6, fn. 6.

3

actions." Id.  Relevant factors to consider in determining finality include: "the impact on the assets of the bankruptcy estate, the necessity for further fact-finding on remand, the preclusive effect of [the Court's] decision on the merits on further litigation, and whether the interest of judicial economy would be furthered." Century Glove, Inc. v. First Am. Bank of New York, 860 F.2d 94, 97 (3d Cir. 1988).  For purposes of determining finality, then, the Third Circuit looks to "the particular adversary proceeding…rather than the entire bankruptcy litigation." White Beauty View, 841 F.2d at 526 (citing In re The Charter Co., 778 F.2d 617, 621 (11th Cir. 1985); In re Fox, 762 F.2d 54, 55 (7th Cir. 1985)).  For example, the Third Circuit has concluded that a granting of summary judgment relating to priority of competing liens was not final for purposes of appeal because it did not completely resolve the adversary proceedings. In re Natale, 295 F.3d 375 (3d Cir. 2002).

Furthermore, pursuant to Rule 7054 of the Fed. R. of Bankr. P., Fed. R. Civ. P. 54(b) is explicitly applicable for determining finality for purposes of appeal under § 158(a)(1).  54(b) states:

> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  Another court in this District has interpreted 54(b) as standing for the proposition that "orders in ongoing bankruptcy proceedings become appealable only when a Bankruptcy court certifies it as final pursuant to 54(b)." In re Handel, CIV.A.06-00541(DMC),

4

2006 WL 3518606 (D.N.J. Dec. 5, 2006); see also Mellon Bank, N.A. v. Metro Commc'ns, Inc., 945 F.2d 635, 640 (3d Cir. 1991).

If the appealing party does not have the ability to appeal as a matter of right under § 158(a)(1), they may file a motion for leave to appeal under § 158(a)(3). Significantly, unlike § 158(a)(1), under § 158(a)(3) certification by the bankruptcy judge is not required for interlocutory appeal to the district court. In re Bertoli, 812 F.2d 136, 138–40 (3d Cir.1987). 28 U.S.C. § 158(c)(2), however, provides that an appeal under § 158(a) "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts…." 28 U.S.C. § 158(c)(2). Thus, because § 158(a)(3) involves an interlocutory order, 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district courts to the courts of appeals, is directly applicable. See In re Hollis, CIVA 09-05013 (FLW), 2010 WL 336132 (D.N.J. Jan. 22, 2010); In re Shafer, No. 09–3575, 2009 WL 3334877, at *1 (D.N.J. Oct.14, 2009); Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee, 321 B.R. 147, 156 (D.N.J.2005).

Under § 1292(b), interlocutory appeals from orders can only be granted when three requirements are met: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion regarding the controlling question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Another court in this district has read "controlling" within the first prong as necessitating a reversal of the final judgment if incorrectly applied. In re Shafer, 2009 WL 3334877, at *2 (citing Kapossy v. McGraw–Hill, Inc., 942 F.Supp. 996, 1001 (D.N.J.1996)). Regarding the second prong, the "difference of opinion must arise out of a genuine issue as to the correct legal standard." Id. The decision to grant interlocutory appeal is wholly within the

5

district court's discretion, <u>Bachowski v. Usery</u>, 545 F.2d 363, 368 (3d Cir.1976), and this Court further notes that motions for interlocutory appeals are granted "sparingly." <u>In re Shafer</u>, 2009 WL 3334877, at *2.

With this framework in mind, the Court now discusses whether it has jurisdiction to hear Plaintiffs' motion for leave to appeal.

## **DISCUSSION**

In order for this Court to reach the merits of Plaintiffs' motion, jurisdiction must be found to exist under the standards set forth in §§ 158(a)(1)-(3). If it is determined that jurisdiction is proper, this Court will rule on the merits of Plaintiffs' motion; if jurisdiction is lacking, this Court must dismiss Plaintiffs' motion.

<u>1. § 158(a)(2) Does Not Apply to Plaintiffs' Motion.</u>

First, this Court notes that § 158(a)(2) is not applicable because the September 27, 2010 Opinion and Order that is being appealed by Plaintiffs was not issued pursuant 11 U.S.C. § 1121(d). Therefore, this Court can only hear this appeal if proper under § 158(a)(1) or (a)(3).

<u>2. Plaintiffs Cannot Appeal the September 27, 2010 Opinion and Order as a Matter of Right Because It is Not a Final Order Within the Meaning of § 158(a)(1).</u>

The September 27, 2010 Opinion & Order is not final for purposes of § 158(a)(1). Fed. R. of Bankr. P. 7054 states that "Rule 54(a)-(c) F.R.Civ.P. applies in adversary proceedings." Rule 54(b) of the Federal Rules of Civil Procedure essentially states that when there is more than one claim, as there is in this litigation, an order is not considered final unless explicitly stated as such by the bankruptcy judge. The Bankruptcy Court did not expressly state that the September

6

27, 2007 Opinion and Order was a final order, as required under 54(b), so therefore it cannot be considered a final order for purposes of § 158(a)(1).

Rule 54(b) also states that an order can be considered final if "all the claims or the rights and liabilities" of all the parties are adjudicated. As mentioned above, however, there are still at least ten defendants remaining in this litigation that are being sued on multiple grounds. Clearly, then, the September 27, 2010 Opinion and Order adjudicated fewer then all of the claims and dismissed fewer than all of the parties in the ongoing adversary proceeding.[5] Therefore, Plaintiffs cannot appeal the September 27, 2010 Opinion and Order as a matter of right and thus must seek leave to appeal pursuant to § 158(a)(3).

3. Regarding Claims of Fraud, Plaintiffs Have Not Satisfied Their Burden Under § 158(a)(3) Therefore This Court Does Not Have Jurisdiction to Rule on the Merits of Plaintiffs' Motion.

28 U.S.C. § 158(c)(2) states that appeals pursuant to § 158(a) "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2). This Court must thus apply the standard set forth in 28 U.S.C. § 1292(b) which states that a motion for leave to appeal can be granted only if three requirements are met: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion regarding the controlling question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

---

[5] It is also for this reason that Bankruptcy Judge Steckroth would be unlikely to certify his September 27, 2010 Opinion and Order as final for purposes of § 158(a)(1) if Plaintiffs asked him to do so. Plaintiffs, however, have not raised this argument and so this Court will not discuss whether Plaintiffs are even able to request such an action.

### (a) The September 27, 2010 Opinion Involves a Controlling Question of Law.

This Court agrees with Plaintiffs and finds that the September 27, 2010 Order and Opinion involves a controlling question of law. Plaintiffs state that the "majority" of their claims in this litigation are based upon false advertising materials they received. The Bankruptcy Court's finding that the advertising materials are barred by the parol evidence rule therefore goes to the foundation of Plaintiffs' case and so is clearly a controlling question of law. Furthermore, this Court notes that this point is undisputed by Defendants. We are thus satisfied that Plaintiffs have met their burden with respect to the first prong of § 1292(b) and will continue our analysis under the second prong.

### (b) There is No Substantial Ground for Difference of Opinion Regarding the Controlling Question of Law.

Plaintiffs allege that the Bankruptcy Court erred in multiple respects when it ruled that the advertising materials were not admissible via the parol evidence rule. Pls.' Br., at 7-11. Plaintiffs, however, fail to establish a substantial ground for difference of opinion regarding the non-admissibility of the advertising materials via the parol evidence rule.

First, this Court notes that in the Third Circuit it is well established that the Court may consider documents that are "integral to or explicitly relied upon in the compliant"[6] in addition to matters of public record[7] when ruling on a motion to dismiss brought pursuant to Rule 12(b)(6). Defendants offer no case law disputing this standard. The Bankruptcy Court was therefore correct in relying on the purchase agreements, which contained the integration clause, since they are integral to the complaint and are also a matter of public record, having been filed with the New Jersey Department of Community Affairs. Furthermore, the Bankruptcy Court was correct in allowing Defendants to invoke the parol evidence rule since it is "established law

---

[6] In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999).
[7] Lum v. Bank of Am., 361 F.3d 217 222 n.3 (3d Cir. 2004).

that third parties are also entitled to invoke the parol evidence rule in their favor." <u>Filmlife, Inc. v. Mal "Z" Ena, Inc.</u>, 251 N.J. Super. 570, 576, 598 A.2d 1234, 1237 (App. Div. 1991) (citing <u>Atlantic Northern Airlines, Inc. v. Schwimmer</u>, 12 N.J. 293, 302, 96 A.2d 652 (1953); <u>Loria's Garage, Inc. v. Smith</u>, 49 N.J.Super. 242, 248, 139 A.2d 430 (App. Div. 1958)).

The parol evidence rule generally states that:

> (1) A binding integrated agreement discharges prior agreements to the extent that it is inconsistent with them.
> (2) A binding completely integrated agreement discharges prior agreements to the extent that they are within its scope.
> (3) An integrated agreement that is not binding or that is voidable and avoided does not discharge a prior agreement. But an integrated agreement, even though not binding, may be effective to render inoperative a term which would have been part of the agreement if it had not been integrated.

Restatement (Second) of Contracts § 213. The Bankruptcy Court engaged in a lengthy discussion of the parol evidence rule and its fraud exception before holding that the advertising materials were inadmissible, essentially concluding that Plaintiffs failed to adequately allege fraud in the inducement. Sept. 27, 2010 Opinion, at 9-11. Specifically, the Bankruptcy Court relied on <u>Filmlife</u> and <u>Winoka Village, Inc. v. Tate</u>, 16 N.J. Super. 330, 333 (App. Div. 1951), which state that one may not rely on extrinsic evidence that expressly contradicts a written agreement, even where the plaintiff alleges fraud. Sept. 27, 2010 Opinion, at 10.

The Bankruptcy Court found that the Plaintiffs were improperly trying to contradict the fully integrated purchase agreement; because the Plaintiffs freely entered into the contracts and offered no evidence that the Defendants attempted to conceal any information they were required to disclose, including the existence of the integration clauses, the parol evidence rule was directly applicable in excluding the prior inconsistent agreement (the advertising materials).

In this appeal, Plaintiffs offer no case law to state why <u>Filmlife</u> and <u>Winoka</u> should not be controlling on the issue. Although Plaintiffs rely on <u>Dover Shopping Ctr., Inc. v. Cushman's Sons, Inc.</u>, 63 N.J. Super. 384, 390, (App. Div. 1960) ("Fraud may always be shown by parol evidence, since no attempt is being made to alter, vary or contradict the integrated instrument, but only to show that it is not an unimpeachable document, i.e., that it is void or voidable."), Plaintiffs fail to provide any case law or argument as to why the Bankruptcy Court was wrong in construing the advertising materials as contradicting the integrated agreement. This failure is substantial because the Bankruptcy Court's determination that the advertising materials were being used to contradict the integrated agreement goes to the essence of the fraud exception to the parol evidence rule. For example, <u>Dover</u> is inapplicable unless Plaintiffs can show how the advertising materials do not contradict the integrated agreement.

Plaintiffs' failure to show why the Bankruptcy Court's characterization of the advertising materials was wrong means that there is no substantial ground for difference of opinion relating to the parol evidence rule.[8] Since all three elements must be met in order to grant a motion for leave to appeal under § 158(a)(3), Plaintiffs' motion fails and this Court need not discuss whether granting the motion would materially advance the ultimate termination of the litigation.

<u>4. Regarding Personal Liability of Defendants as Corporate Officers, Plaintiffs Have Not Satisfied Their Burden Under § 158(a)(3) and so This Court Does Not Have Jurisdiction to Rule on the Merits of Plaintiffs' Motion.</u>

In addition to appealing the Bankruptcy Court's decision relating to claims of fraud, Plaintiffs also seek to appeal the Bankruptcy Court's decision relating to claims of personal liability of the Defendants in their role as corporate officers. Pls.' Br., at 11-13.

---

[8] This Court further notes that Plaintiffs also fail to show a substantial ground for difference of opinion relating to the dismissal of the Consumer Fraud Act claim against Defendants. Plaintiffs offer no case law or evidence to show why the parol evidence rule does not also apply to claims under the CFA, as the Bankruptcy Court held. <u>See</u> Sept. 27, 2010 Opinion, at 13.

**(a) The September 27, 2010 Opinion Involves a Controlling Question of Law.**

This Court agrees with Plaintiffs and finds that the September 27, 2010 Order and Opinion involves a controlling question of law. Plaintiffs state that the "majority" of their claims in this litigation are based upon false advertising materials they received, which were allegedly created by Defendants. The Bankruptcy Court's finding that the Defendants cannot be held personally liable for negligence or violation of the CFA is a controlling question of law and so this Court will continue its analysis by proceeding to the second prong of § 1292(b).

**(b) There is No Substantial Ground for Difference of Opinion Regarding the Controlling Question of Law.**

Plaintiffs contend that the Bankruptcy Court erred when it ruled that Plaintiffs failed to allege adequate facts to show that Defendants could be held personally liable for the creation and dissemination of the allegedly fraudulent advertising materials. Pls.' Br., at 11-12. Plaintiffs, however, fail to establish a substantial ground for difference of opinion because they offer no factual support for their claim.

The Bankruptcy Court found that Plaintiffs simply failed to set forth any "allegations of fact that establish the delegation of duties to the Defendants or any breach of such duties. Further, there are no allegations to support that the Defendants were personally negligent or that they sanctioned the negligent actions of others." Sept. 27, 2010 Opinion, at 13. The Bankruptcy Court reached this conclusion based on the standard set forth in Saltiel v. GSI Consultants, Inc., 170 N.J. 297, 303, 788 A.2d 268, 272 (2002) ("A predicate to [personal] liability [of a corporate officer] is a finding that the corporation owed a duty of care to the victim, the duty was delegated to the officer and the officer breached the duty of care by his own conduct.").

This Court agrees with the Bankruptcy Court's finding and note that in their appeal Plaintiffs still fail to meet their burden under Saltiel: Plaintiffs fail to set forth any factual

11

allegation relating to personal participation by Defendants or to knowledge that is particularly within their control.  Furthermore, Plaintiffs do not argue that the Bankruptcy Court incorrectly applied Saltiel, nor do they offer any case law to suggest that an alternative standard is appropriate instead.

As such, Plaintiffs fail to show a substantial ground for difference of opinion relating to whether they adequately stated a claim against Defendants holding them personally liable for their actions as corporate officers.  Since all three elements must be met in order to grant a motion for leave to appeal under § 158(a)(3), Plaintiffs' motion fails and this Court need not discuss whether granting the motion would materially advance the ultimate termination of the litigation.

5. Regarding Plaintiffs' Failure to Meet Their Fundamental Pleading Requirements, Plaintiffs Have Not Satisfied Their Burden Under § 158(a)(3) and so This Court Does Not Have Jurisdiction to Rule on the Merits of Plaintiffs' Motion.

Finally, Plaintiffs also seek to appeal the Bankruptcy Court's decision that Plaintiffs failed to meet their fundamental pleading requirements. Pls.' Br., at 13.

**(a) The September 27, 2010 Opinion Involves a Controlling Question of Law.**

This Court finds that the September 27, 2010 Order and Opinion involves a controlling question of law with respect to Plaintiffs' failure to meet their pleading requirements.  Defendants do no dispute this element.  We are thus satisfied that Plaintiffs have met their burden with respect to this first prong of § 1292(b) and will continue our analysis under the second prong.

**(b) There is No Substantial Ground for Difference of Opinion Regarding the Controlling Question of Law.**

Plaintiffs allege that the Bankruptcy Court erred when it ruled that Plaintiffs failed to meet their pleading requirements as set forth under Bell Atlantic v. Twombly, 550 U.S. 544, 555

12

(2007).  Plaintiffs, however, fail to establish a substantial ground for difference of opinion because they offer no factual support for their claim.

The Bankruptcy Court, in its September 27, 2010 Opinion, found that "even when read in the light most favorable to the Plaintiffs, the pleadings take the form of bare conclusions rather than specific factual grounds upon which a claim for fraud may rest against each defendant." Sept. 27, 2010 Opinion, at 15.  The Bankruptcy Court held that Plaintiffs fell short of meeting their pleading burden. Id.

This Court agrees with the Bankruptcy Court and notes that Plaintiffs still have failed to meet their pleading burden.  In their brief, Plaintiffs merely baldly allege that "Defendants were corporate executives with Tarragon who oversaw and were responsible for creating and distributing advertising materials in connection with the marketing and sales of units at the Upper Grand." Pls.' Br., at 5.  Plaintiffs, without explanation, also allege that Defendant Friedman and Defendant Rohdie "have law degrees." Id.  They then claim, without factual support, that, "Defendants knew or should have known that the aforementioned advertising materials were false.  Moving Defendants demonstrated a reckless disregard for the truth in allowing the aforementioned advertising materials to be distributed to the Plaintiffs." Id.  These conclusory allegations fall short of what is required under Twombly, which held that Plaintiffs must set forth enough facts in their pleadings to raise a "reasonable expectation" that discovery will reveal evidence of each necessary element of their underlying claim. Twombly, 550 U.S. at 556.  This Court is not satisfied that Plaintiffs have met their pleading burden under the Twombly standard.

Although Plaintiffs cite case law stating that pleading requirements should be relaxed when the factual information at issue is peculiarly within the defendant's knowledge or control,

13

Pls.' Br., at 12, Plaintiffs fail to demonstrate how this standard is applicable to their case. Plaintiffs simply fail to offer evidence showing how the factual information at issue is peculiarly within Defendants' knowledge or control. Plaintiffs thus fail to show a substantial ground for difference of opinion relating to their fundamental pleading requirements. Since all three elements must be met in order to grant a motion for leave to appeal under § 158(a)(3), Plaintiffs' motion fails and this Court need not discuss whether granting the motion would materially advance the ultimate termination of the litigation.

## CONCLUSION

This Court does not have jurisdiction to hear Plaintiffs' motion because jurisdiction is lacking within the meaning of § 158(a). As a result, Plaintiffs' motion is denied. An appropriate Order accompanies this Opinion.

DATED: January 5, 2012

/s/ Jose L. Linares
JOSE L. LINARES, U.S.D.J.